Rawlinson, Circuit Judge, concurring: I concur in the judgment of the court because the outcome is dictated by our holding in United States v. Symington, 195 F.3d 1080, 1087 (9th Cir. 1999) and the unusual facts of this case. I write separately to point out just how unusual those facts are. It is extremely rare for a juror to disavow a unanimous verdict during a poll of the jury. Indeed, one of the attorneys in this case informed the court that this circumstance had never occurred before in his twenty-plus years of practicing law. Faced with an extremely emotional juror who stated that she could not participate any longer, and an unprecedented occurrence, the district court selected the option that seemed most likely to allow deliberations to continue. Indeed, there is some suggestion in the record that the judge was not even aware that the distraught juror was the holdout juror. Nevertheless, the fact remains that under our precedent, if there is a reasonable possibility that the juror’s dismissal stems from the juror’s views on the case, the constitutional right to a unanimous verdict by an impartial jury has been violated. See id. Because this extremely low standard is met, I concur in the disposition.